# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 Case |
| | ) |
| QIMONDA NORTH AMERICA CORP. AND QIMONDA, RICHMOND, LLC | ) ) ) |
| | ) Case No. 09-10589 (MFW) |
|     Debtor, | ) |
| | ) |
| BRIAN CAREY, JOHN EARLE, Individually and as Class Representatives, | ) ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| vs. | ) Adversary Proceeding No. 09-_____ |
| | ) |
| QIMONDA NORTH AMERICA CORP. QIMONDA, RICHMOND, LLC, AND QIMONDA SEVERANCE PLAN, | ) ) ) |
| | ) |
|     Defendants. | ) |

## ADVERSARY CLASS ACTION COMPLAINT

Brian Carey and John Earle ("Plaintiffs"), individually and as class representatives for all similarly situated[1] former employees of Debtor/Defendants, by and through their undersigned counsel, bring this Complaint and allege as follows:

## NATURE OF ACTION

1. Plaintiffs Brian Carey and John Earle, and all other similarly situated members of the class they seek to represent, were employees of Debtor/Defendant Qimonda Richmond, LLC and Qimonda North American, Corp. (Qimonda), who were terminated without cause as part of,

---

[1] The undersigned counsel has presently been directly retained by over 200 former employees of Defendants and have received inquiries from dozens more who we expect to engage undersigned counsel. These names can be provided at the court's request.

or as a result of, layoffs by and at one of Defendants' facilities in Henrico County, Virginia (the "Virginia Facility"). Qimonda had established a severance plan, pursuant to which employees who were terminated by layoff were to receive severance in a single lump sum payment equal to four weeks of their base salary, plus one week of base salary for every year of service, as well as payment for their insurance premiums under the Qimonda medical benefit plans for a period of three (3) months following their termination of employment (with coverage to continue under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), in exchange for a waiver of claims. Each of the Plaintiffs was terminated via layoff, but was misled into forgoing their right to the Qimonda severance or payment of insurance premiums as a result of a false promise of continued employment at another Qimonda facility.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367.

3. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

## PARTIES

5. The Plaintiffs Brian Carey and John Earle, and other similarly situated members of the proposed class they seek to represent, had been employed by the Defendants, acting as a single employer, until their termination in late 2008 or early 2009.

6. The Plaintiffs bring this action on their own behalf and, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all other persons similarly situated.

7. The Debtor-Defendants, Qimonda Richmond, LLC, Qimonda North America Corp., (hereinafter "Qimonda") are, upon information and belief, respectively a Delaware limited liability corporation and a Delaware Corporation that on or about February 20, 2009 (the "Petition Date") filed with the Court voluntary petition for relief under Title 11 of the United States Code (the "Bankruptcy Code"). Defendant Qimonda Severance Plan is, on information and belief, a welfare benefit plan maintained by Qimonda, with Qimonda acting as plan administrator.

## FACTUAL ALLEGATIONS

8. Qimonda employed in excess of 1,000 employees at its Virginia facilities.

9. Qimonda established a plan wherein employees who were terminated as part of a company layoff were eligible to receive severance in the amount of four weeks of base salary, plus one week of base salary for every year of service. In addition, employees were eligible to receive payment in an amount calculated to cover insurance premiums for the employee for a period of three months following termination of employment.

10. Plaintiffs were each terminated via layoff, but were misled into forgoing severance and insurance premiums under the Qimonda severance plan in exchange for the false promise of employment at another Qimonda facility.

## CLASS ALLEGATIONS

11. Plaintiffs Brian Carey and John Earle, on behalf of themselves and the members of the Class, repeat and re-allege the allegations of the preceding paragraphs as though fully restated herein.

PHIL1 829730-1

### A. DEFINITION OF THE CLASS

12. Plaintiffs Brian Carey and John Earle, and the other similarly situated former employees constitute a class within the meaning of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

13. The Class is defined as all of those non-bargaining unit employees who were employed by Qimonda in its Virginia facilities, and who were terminated by layoff by Qimonda in late 2008 or early 2009, and who were offered severance and/or insurance premium coverage pursuant to the terms of a written separation agreement with Qimonda, but who were misled into forgoing the severance and insurance premium coverage in exchange for a false offer of employment at another Qimonda facility.

### B. NUMEROSITY

14. The Class is so numerous as to render joinder of all members impracticable as there are over 150 former employees believed to be in the Class. The identities of a majority of the Class members are presently unknown but are ascertainable through appropriate discovery.

### C. EXISTENCE AND PREDOMINANCE OF COMMON ISSUES

15. Common questions of law and fact are applicable to all members of the Class.

16. The common questions of law and fact arise from and concern the following facts and actions:

    a. all Class members are former employees of Qimonda, who were terminated via layoff in late 2008/early 2009 and who were eligible for severance under the Qimonda severance plan;

    b. all Class members were offered severance under the terms of the Qimonda severance plan;

    d. the Defendants, as a single employer and as plan fiduciaries, misled the

Plaintiffs into forgoing the severance and premium coverage payments under the plan by a false offer of employment at another facility of Qimonda, which offer was not honored or fulfilled, as the other facility soon closed operations.

e. The questions of law and fact common to the members of the Class, as above noted, predominate over any questions affecting only individual members, and thus, this class action is superior to other available methods for the fair and efficient adjudication of this controversy.

### D. TYPICALITY

17. Plaintiffs Brian Carey and John Earle's claims are typical of the claims of other members of the Class. All such claims arise out of the Defendants' offer to Plaintiffs of employment at another Qimonda facility, which offer was made as a means of misleading Plaintiffs and interfering and depriving Plaintiffs of their right to severance under the Qimonda severance plan. Plaintiffs and other Class members have suffered a common injury arising out of the Defendants' common course of conduct as alleged herein.

### E. ADEQUATE REPRESENTATION

18. Plaintiffs Brian Carey and John Earle will fairly and adequately protect and represent the interests of the Class and have no interest antagonistic to or in conflict with those of other Class members.

19. Plaintiffs Brian Carey and John Earle have the time and resources to prosecute this action and have retained qualified counsel who have had extensive experience in matters involving employee rights and federal court litigation. Plaintiffs Brian Carey and John Earle intend to prosecute this action vigorously for the benefit of the class.

F.  **SUPERIORITY**

20. A class action is superior to other available methods for a fair and efficient adjudication of this controversy because individual joinder of all members of the Class is impractical. Furthermore, damages suffered by members of the Class may be relatively small when compared to the expense and burden of individual litigation, which would make it difficult or impossible for individual members of the Class to obtain relief. The interests of judicial economy favor adjudicating the claims of the Class on a classwide basis rather than an individual basis.

G.  **RISKS OF INCONSISTENT OR VARYING ADJUDICATION**

21. Class treatment is proper in this proceeding in order to avoid inconsistent or varying adjudications with respect to individual Class members. Separate actions by individual members of the Class would create a risk that adjudication of disputed issues of law or fact as to some of the former non-bargaining unit employees would be binding upon other Class members not party to the adjudication, or would otherwise substantially impair or impede their ability to protect their interests.

22. Pursuant to Fed. R. Civ. P. 23(a), the Class meets all the requirements for class certification.

**STATEMENT OF CLAIMS**

**FIRST CLAIM AGAINST DEFENDANTS**

**(FRAUD AND EQUITABLE ESTOPPEL)**

23. The Plaintiffs, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

24. In or around late 2008 or early 2009, Defendants laid off each of the Plaintiffs pursuant to a plant closing and/or mass layoff.

25. As part of the layoff, Plaintiffs were falsely and intentionally told by Defendants that they would be able to continue working at another Qimonda facility if they turned down severance benefits under the Qimonda severance plan. On information and belief, Defendants knew this statement to be false or misleading at the time it was made. In making this offer, Defendants further failed to disclose to Plaintiffs that the other Qimonda facility was likely to soon close and that forgoing severance would likely result in no employment with the other facility.

26. Plaintiffs reasonably relied on the statements and material misrepresentations and/or omissions of Defendants, and turned down the severance and insurance premium benefits, to their detriment.

27. Plaintiffs have not received the promised employment at the other facility, nor have they received the severance or insurance premium benefits originally promised to them.

28. As a result of Defendants' fraudulent statements and/or material misrepresentations and omissions that would form the basis for equitable estoppel under Virginia law, Plaintiffs Brian Carey and John Earle, as well as each of the Other Similarly Situated Employees, have been damaged in amounts equal to the sum of: (a) their respective lost severance; (b) the cost of insurance premiums for continuation of health and medical insurance benefits for a period of three months; and (c) interest for the time value of the lost payments and benefits.

PHIL1 829730-1

## SECOND CLAIM AGAINST DEFENDANTS

## (VIOLATION OF ERISA)

29. The Plaintiffs, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

30. On information and belief, Qimonda had established a policy and practice of providing severance to employees who are terminated by layoff, in a formula based on the employees' years of service.

31. On information and belief, the Qimonda severance plan is a welfare benefit plan subject to the provisions of ERISA.

32. Defendants, as plan fiduciaries, made materially false and misleading statements or omissions which they knew or had reason to know would influence Plaintiffs in its decisionmaking with respect to benefits under the Qimonda severance plan.

33. Plaintiffs reasonably relied upon Defendants' material misstatements and/or omissions, and were induced into forgoing their severance benefits in order to receive employment at the other Qimonda facility, to their detriment.

34. As a result of Defendants' violations of ERISA, Plaintiffs Brian Carey and John Earle, as well as each of the Other Similarly Situated Employees, seek relief under ERISA, 29 U.S.C. 1104, 1109(a), and have been damaged in amounts equal to the sum of: (a) their respective lost severance; (b) their insurance premiums for continuation of health and medical insurance benefits for a period of three months, pursuant to COBRA; and (c) interest for the time value of the lost payments and benefits.

WHEREFORE, Plaintiffs request the following relief:

A. Damages and/or equitable or restitutionary relief in favor of Plaintiffs Brian Carey and John Earle, and each Other Similarly Situated Former Employees, equal to the sum of: (a)

the amount of any unpaid severance; and (b) the amount necessary to cover insurance premiums for a period of three months;

B. Certification that Plaintiffs Brian Carey and John Earle, and the Other Similarly Situated Former Employees constitute a single class and that the undersigned counsel be appointed as lead Class Counsel;

C. Interest as allowed by law on the amounts owed under the preceding paragraphs;

D. Reasonable attorneys' fees and the costs and disbursements incurred in prosecuting this action, as authorized by section 502(g) of ERISA, 29 U.S.C. § 1132(g)(1);

E. Such other and further relief as this Court may deem just and proper.

KLEHR, HARRISON, HARVEY,
 BRANZBURG & ELLERS, LLP

Dated: February 22, 2009

 */s/ Michael W. Yurkewicz*
Richard M. Beck, Esquire (ID#3370)
Michael W. Yurkewicz (ID#4165)
919 Market Street, Suite 1000
Wilmington, DE 19801
(302) 426-1189

and

Charles A. Ercole, Esquire
Gianna M. Karapelou, Esquire
KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS, LLP
260 S. Broad Street
Philadelphia, PA 19102-5003
(215) 568-6060

*Counsel for the
Plaintiffs*

PHIL1 829730-1